UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS P. FITZGERALD,

                    Plaintiff,                    No. 05-CV-74768-DT

vs.                                        Hon. Gerald E. Rosen

HRB Management Inc., and The
H&R Block Severance Plan,

                    Defendants.
_____/

MEMORANDUM OPINION AND ORDER REGARDING
PLAINTIFF'S MOTION FOR CLARIFICATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       February 26, 2007

PRESENT:  Honorable Gerald E. Rosen
                   United States District Judge

## I.  INTRODUCTION

This matter is presently before the Court on Plaintiff Thomas Fitzgerald's "Motion for Clarification of the Court's July 13, 2006 Opinion and Order." In its July 13 Opinion and Order the Court denied Plaintiff's Petition to Compel Defendants HRB Management, Inc.and H&R Block Severance Plan (the "Plan") to arbitrate claims lodged against them and two other entities, H&R Block Financial Advisors, Inc. ("HRBFA") and H&R Block, Inc. ("H&R Block"), for breach of contract, fraud, illegal retaliation, civil extortion and violation of the Employee Retirement Income Security Act ("ERISA"). The Court found

1

that neither HRB Management nor the H&R Block Severance Plan could be compelled to arbitrate Fitzgerald's claims because they were not parties to any arbitration agreement with Fitzgerald and were not members of the NASD or NYSE such that they could be required under the rules of those organizations to arbitrate Fitzgerald's claims.

After the Court entered its July 13, 2006 Opinion and Order, Fitzgerald, HRBFA and H&R Block returned to the arbitration panel where HRBFA and H&R Block argued that this Court had ruled in its July 13 Opinion that the arbitrators had no jurisdiction over Fitzgerald's ERISA claims and that such claims could only be brought against HRB Management and the Plan which were not parties to the arbitration. The arbitrators apparently accepted the Respondents' representations concerning this Court's ruling. However, they also indicated in an order entered on August 30, 2006 that "[a] further ruling from the Court to clarify this issue would be welcome by this panel, would minimize further confusion and greatly assist the NASD hearing." *See* Plaintiff's Ex. 1, p. 2. Therefore, Plaintiff returned to this Court and filed the instant "Motion for Clarification."

## II. DISCUSSION

Plaintiff Thomas Fitzgerald is a former employee of H&R Block Financial Advisors, Inc.( "HRBFA"), a securities broker-dealer. After his employment was involuntarily terminated in April 2004, Fitzgerald initiated an arbitration action before the dispute resolution division of the National Association of Securities Dealers ("NASD") for breach of contract, fraud, illegal retaliation, civil extortion and violation of the

Employee Retirement Income Security Act ("ERISA"), and naming as respondents HRBFA and H&R Block.[1]  In their Answer to Fitzgerald's Statement of Claim in the arbitration, HRBFA and H&R Block stated that some of the compensation and benefits Fitzgerald was seeking were only obtainable from the H&R Block Severance Plan (the "Plan"), an employee welfare benefit plan established by HRB Management, Inc., an indirect subsidiary of H&R Block, for the benefit of certain subsidiaries of H&R Block, including HRBFA.  Fitzgerald thereafter filed an Amended and Restated Statement of Claim seeking to add the Plan and HRB Management, the plan administrator, as parties to the arbitration.  These entities, however, refused to agree to arbitrate Fitzgerald's ERISA claims before the NASD.  Therefore, Plaintiff initiated this action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*., seeking to compel the Plan and the Plan Administrator to submit to arbitration.

In an Opinion and Order entered on July 13, 2006, this Court denied Plaintiff's petition to compel arbitration with these two entities finding that because neither HRB Management nor the Plan were members of the NASD or the NYSE, they could not be required to submit to arbitration under the rules of those organizations.  And since they were not required to arbitrate his claims, Fitzgerald could not rely on his contractual agreement with the NASD and the NYSE in the Form U-4 to compel these entities to

---

[1]  As an NASD member and signatory of Fitzgerald's Form U-4, HRBFA was required to arbitrate Fitzgerald's claims.  Although H&R Block is not a member of the NASD and not a party to any arbitration agreement with Fitzgerald, it voluntarily agreed to submit to arbitration.

3

arbitrate.  The Court also found no basis under agency principles or otherwise for compelling arbitration based upon the relationship between the Form U-4 signatory, HRBFA, and the non-signatories.  In sum, the Court found that the only way that Plaintiff would be entitled to arbitrate his claims against HRB Management and the Plan was if these entities voluntarily agreed to submit to arbitration, as H&R Block did.

Apparently, after the Court entered its July 13, 2006 Opinion and Order, Plaintiff submitted to the arbitrators a "Second Amended Statement of Claim in Arbitration," the purpose of which was purportedly to remove from the arbitration claims that had been pled against HRB Management and the Plan, the entities that this Court held could not be compelled to arbitrate.  According to Plaintiff, HRBFA and H&R Block opposed Plaintiff's Second Amendment and in so doing, advised the Arbitration Panel that this Court's July 13 Opinion and Order should be read as depriving the Panel of jurisdiction to decide the merits of the ERISA claims asserted against HRBFA and H&R Block.

In a letter brief submitted by the respondents in the arbitration, HRBFA and H&R Block stated that "the [NASD] Panel has no jurisdiction over those. . . claims.  This issue has been litigated and decided by the United States District Court, Eastern District of Michigan at Fitzgerald's request."  *See* Plaintiff's Ex. 7, pp. 3-4.  Then, in the telephonic hearing before the NASD Panel on Plaintiff's Motion for Leave to File a Second Amended Statement of Claim, the respondents again cited this Court's Opinion "to support the proposition that no ERISA claims are to be heard by the NASD panel.  In essence that the ERISA claims may only be brought against HRB Management, Inc. and

4

the H&R Block Severance Plan." *See* 8/30/06 Arbitration Order, p. 2.

However, this Court <u>never</u> decided that HRBFA and/or H&R Block are not proper parties to Plaintiff's ERISA claims,[2] nor did it decide that the Panel has no jurisdiction over ERISA claims in the arbitration.  All that the Court decided was that HRB Management, Inc. and the H&R Block Severance Plan could not be compelled to participate in the arbitration because they were not members of the NASD or the NYSE. It did not rule that the arbitration panel did or did not have jurisdiction to hear or decide the ERISA claims asserted by Plaintiff against any entity that is a party to the arbitration, nor did it suggest or imply any particular result with respect to any of the parties or claims.  "[A] district court's consideration of a motion to compel arbitration is limited to determining whether the parties entered into a valid agreement to arbitrate, and does not reach the merits of the parties' claims."  *See Match-E-Be-Nash-She Wish Band of Pottawatomi Indians v. Kean-Argovitz Resorts*, 383 F.3d 512, 514 (6th Cir. 2004); *Burden v. Check Into Cash of Kentucky, LLC*, 267 F.3d 483, 487 (6th Cir. 2001).  The

─────────────────────

[2]    Although the Court made no such ruling, this is what HRBFA and H&R Block claimed in their Response to Fitzgerald's Petition that they argued in their Answer to Fitzgerald's original arbitration Statement of Claim:

> In their Answer to Fitzgerald's Statement of Claim HRBFA and H&R Block, Inc. correctly stated that some of the compensation and benefits Fitzgerald sought were only obtainable from the Plan.  These Respondents further correctly stated that the Plan and HRB Management are not NASD members and not parties to any agreement to arbitrate with Fitzgerald. Accordingly, the NASD has no jurisdiction over these entities.

*See* Defendants' Brief in Response to Plaintiff's Petition to Compel Arbitration, p. 3.

Court did no more than this in denying Plaintiff's Petition to Compel Arbitration in this

case.  Any further characterization of the Court's Opinion is inappropriate.


                              s/Gerald E. Rosen
                              Gerald E. Rosen
                              United States District Judge

Dated:  February 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record
on February 26, 2007, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager